UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EUGENE H. MATHISON,

    Petitioner,

v.

ROY L. MORRISON, Warden,

    Respondent.

Civil File No. 06-3496 (JMR/AJB)

**REPORT AND RECOMMENDATION**

---

Eugene H. Mathison, Federal Correctional Institution - Big Spring, 1900 Simler Avenue, Big Spring, Texas, 79720, Petitioner, pro se.

Timothy C. Rank, Assistant United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

---

ARTHUR J. BOYLAN, United States Magistrate Judge

This matter is before the Court on Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 9.)[1] Petitioner claims that the federal Bureau of Prisons, ("BOP"), has miscalculated the term of his prison sentence. Respondent has filed a written opposition to the amended petition, (Docket Nos. 12 - 14), contending that (a) the current petition should be summarily dismissed as an "abuse of the writ," and (b) Petitioner's claims are, in any event, without merit.

The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will

---

[1] The claims presented in Petitioner's original habeas corpus petition, (Docket No. 1), were dismissed without prejudice on November 14, 2006. (Docket No. 8.) Petitioner was granted leave to file an amended petition, and he has done so. Therefore, the matter is presently before the Court pursuant to Petitioner's amended petition, (Docket No. 9).

recommend that this action be dismissed with prejudice.

## I. BACKGROUND

Petitioner is a federal prisoner who is currently confined at a federal correctional facility in Texas.[2] His current habeas corpus petition stems from two separate federal criminal cases that were brought against him in 1996. Both of those cases were prosecuted in the United States District Court for the District of South Dakota.

In one case, No. 4:96CR40122-01, Petitioner was convicted of tax evasion. In that case, (hereafter "the tax evasion case"), Petitioner was sentenced on July 10, 1997, by District Court Judge Richard H. Battey. (Declaration of Anna Anderson, [Docket No. 13], [hereafter "Anderson Decl."], Attachment B.) He was sentenced to 21 months in prison, and three years of supervised release. (Id.) Petitioner was ordered to begin serving his sentence on July 18, 1997, and the record shows that he did so. (Id.)

In the other case, No. 4:96CR40048-001, Petitioner was convicted on multiple counts of mail fraud, wire fraud, money laundering, and conspiracy to defraud the United States. In that case, (hereafter "the mail fraud case"), Petitioner was sentenced on September 12, 1997, by District Court Judge Lawrence L. Piersol. (Anderson Decl., Attachment A.) His sentence included an aggregate prison term of 246 months, plus three years of supervised release.

---

[2] When Petitioner commenced this action, he was confined at the Federal Prison Camp in Duluth, Minnesota. Sometime thereafter, he was transferred to the prison in Texas where he is now confined. Because Petitioner was incarcerated in Minnesota when he filed this case, the District of Minnesota has jurisdiction over his petition, despite Petitioner's subsequent involuntary removal to another state. See Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ('[o]nce the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district") (citing Ex parte Endo, 323 U.S. 283, 304-07 (1944)). See also McCoy v. United States Board of Parole, 537 F.2d 962, 966 (8th Cir. 1976).

(Id.)[3] The sentencing judgment expressly provided that Petitioner's sentence in the mail fraud case should run concurrently with his sentence in the tax evasion case. (Id.)

According to the BOP, Petitioner began serving his 21-month sentence in the tax evasion case on July 18, 1997, when he was taken into BOP custody; and he began serving his 246-month sentence in the mail fraud case on September 12, 1997 – the date when that sentence was imposed. The BOP recognizes that Petitioner's two sentences are to be served "concurrently," and the BOP has taken that into account in its calculation of Petitioner's prison term and his release date. However, the BOP has determined that the two sentences can be served concurrently only from and after the date when Petitioner began to serve the latter of those two sentences. Thus, as the BOP sees it, Petitioner's two sentences can be served concurrently only after September 12, 1997. Based on this understanding of Petitioner's two sentences, the BOP has refused to give him credit toward his 246-month sentence for the 56-day period between July 18, 1997, and September 12, 1997, when he was – according to the BOP – serving only the tax evasion sentence.

Petitioner disagrees with the BOP's understanding of his sentences. He claims that

---

[3] The judgment in the mail fraud case, (Anderson Decl., Attachment A), describes Petitioner's sentence as follows:

> "Two hundred thirty five (235) months on Counts SS1 through SS61, all such terms of imprisonment to run concurrently. It is further ordered that as to each of Counts SS42, SS43, SS44, SS49, SS50, SS52, SS57 through SS61, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for an additional term of one (1) month pursuant to 18 USC §3147, each one (1) month sentence enhancement to run consecutively to each other enhancement and consecutively to the two hundred thirty five (235) month term of imprisonment imposed on Counts SS1 through SS61, for a total term of imprisonment of two hundred forty six (246) months."

3

in order for his two sentences to be served concurrently, as ordered by Judge Piersol in the mail fraud case,[4] the 246-month mail fraud sentence must be deemed to have commenced concurrently with the commencement of the 21-month tax evasion sentence. In other words, Petitioner contends that, for purposes of calculating his prison term and release date, his 246-month sentence should be deemed to have commenced, retroactively, 56 days before that sentence was imposed.

As a result of Petitioner's and the BOP's differing perspectives on the proper calculation of Petitioner's two sentences, Petitioner believes that the BOP will keep him in prison 56 days too long. Petitioner is seeking a writ of habeas corpus that would require the BOP to "credit the 56 days between July 18, 1997 and September 12, 1997 to his current sentence," (i.e., the mail fraud sentence), thereby shortening his prison term by 56 days. (Petitioner's "Memorandum of Law," [Docket No. 10], p. 14.)[5]

---

[4] Petitioner contends that the Judge in the tax evasion case, Judge Battey, also ordered Petitioner's two sentences to be served concurrently. In fact, however, the sentencing judgment in the tax evasion case does not appear to make any reference to the sentence in the mail fraud case. Furthermore, even if Judge Battey had intended for the two sentences to be served concurrently, the Court nevertheless finds, for the reasons discussed below, (see pp. 8-11, infra), that the two sentences could be served concurrently only after the second sentence was imposed.

[5] Some of Petitioner's arguments suggest that he may actually be seeking to shorten his sentence by 63 days, by receiving credit toward his 246-month sentence for the 56 days that he spent in BOP custody before that sentence was imposed, plus an additional seven days of "good-time credits" earned during that 56-day period. However, Petitioner presumably has already received the benefit of whatever good-time credits he may have earned during his first 56 days in BOP custody, and he has made no effort to explain how he could be entitled to any more good-time credits for that 56-day period of his confinement. Furthermore, the claim for seven days of additional good-time credits, (which Petitioner may or may not be advancing), is predicated on Petitioner's supposed entitlement to an additional 56 days of sentence credit for his confinement between July 18, 1997, and September 12, 1997. Because the Court rejects Petitioner's claim as to the 56-day credit, (as discussed

4

## II. DISCUSSION

A. <u>Abuse of the Writ</u>

Respondent initially contends that this action should be summarily dismissed as an "abuse of the writ," because Petitioner could have – and should have – raised his current claims for relief in one of his two prior § 2241 habeas corpus cases filed in this District, (<u>Mathison v. LeBlanc</u>, Civil No. 03-6195 (JMR/AJB) and <u>Mathison v. LeBlanc</u>, 04-3981 (JMR/AJB)).

28 U.S.C. § 2244(a) states that:

> "No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

This statute prohibits prisoners from filing both "successive" habeas petitions, which are petitions that seek to re-raise claims that <u>have already been</u> raised and adjudicated in a prior habeas proceeding, as well as "abusive" habeas petitions, which are petitions that seek to raise new claims that <u>could have been</u> raised in a prior habeas proceeding. <u>Phelps v. U.S. Government</u>, 15 F.3d 735, 737-38 (8th Cir.), <u>cert</u>. <u>denied</u>, 511 U.S. 1114 (1994); <u>George v. Perrill</u>, 62 F.3d 333, 334-35 (10th Cir. 1995); <u>Thunder v. United States Parole Commission</u>, 165 Fed.Appx. 666, 668 (10th Cir. 2006).[6]

---

below), any concomitant claim for seven days of additional good-time credit would necessarily fail.

[6] "The terms 'successive petition' and 'abuse of the writ' have distinct meanings. A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior

A successive or abusive habeas petition will be entertained by a federal court only if the petitioner is able to show (a) some acceptable "cause" for his failure to raise his new claims, (or properly present his old claims), in his prior habeas petition, and (b) some "actual prejudice" that will result if the court fails to consider the claims that the petitioner seeks to raise in his new habeas petition.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).  In the alternative, a successive or abusive petition may be entertained where the petitioner "supplements a constitutional claim with a 'colorable showing of factual innocence.'" Id. at 495, quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion).  See also Phelps, 15 F.3d at 738 (habeas petition was properly dismissed as an abuse of the writ where petitioner failed to show that he was eligible for McCleskey's "cause and prejudice" or "factual innocence" exceptions).

---

> petition....  The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus.  Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ."

Kuhlmann v. Wilson, 477 U.S. 436, 444, n. 6 (1986) (plurality opinion), citing and quoting Sanders v. Untied States, 373 U.S. 1, 15-17, 17-19 (1963).

Prior to the enactment of the Anti-terrorism and Effective Death Penalty Act, ("AEDPA") in 1996, § 2244(a) included a final clause which indicated that the statute applied only to petitions that "present[ ] no new ground not theretofore presented and determined."  In other words, the former statute arguably applied only to "successive" petitions, and not "abusive" ones. But see Phelps, 15 F.3d at 737-38 (upholding the district court's summary dismissal of an abusive petition pursuant to the pre-AEDPA version of § 2244(a)).  With AEDPA's deletion of the old final clause of § 2244(a), it is now clear that the statute applies to both successive and abusive petitions. See Gutierrez v. Perrill, No. 96-1038 (10th Cir. 1996), 1996 WL 733768 (unpublished opinion) at * 1, n. 3 ("[a]s amended, § 2244(a) appears now to relate to both abusive and successive petitions").

6

In this case, Respondent contends that Petitioner's current challenge to the calculation of his prison sentence was fully knowable when he filed his two prior § 2241 habeas petitions in this District. Because Petitioner did not raise his current claims in either of those prior cases, Respondent urges the Court to summarily dismiss the present petition as an abuse of the writ. Petitioner counters this abuse of the writ argument by claiming that he could not have raised his current claims for relief in either of his earlier habeas cases, because "the final calculation [of his sentence] was not made until sometime during the summer of 2004," which was after both of those cases had already been brought. (Petitioner's "Traverse," [Docket No. 16], p. 3.)

The Court has substantial doubts about Petitioner's contention that he did not know "the final calculation" of his sentence until sometime in 2004, because by 2004 he had already been in BOP custody for seven years. However, the current record does not provide any irrefutable proof that Petitioner must have known about his sentence calculation when he filed his two prior habeas petitions.

Our Court of Appeals has suggested that when a procedural default issue is not readily resolvable, it may be preferable to give the habeas petitioner the benefit of the doubt on the issue, and decide his case on the merits. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("[a]lthough the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998) ("[t]he simplest way to decide a case is often the best"), cert. denied, 527 U.S. 1029 (1999). Because Petitioner's current

sentence calculation claim is clearly without merit, (for the reasons discussed hereafter), the potentially more nettlesome issues regarding Petitioner's abuse of the writ, cause and prejudice, and actual innocence, need not be adjudicated here. Instead, Petitioner's current habeas corpus petition will be dismissed for the more simple and straightforward reason that his claims are without merit.

### B. The Calculation of Petitioner's Prison Term

There are two possible ways that Petitioner could gain the 56-day sentence reduction he is seeking in this case. First, the commencement date of his 246-month mail fraud sentence could be moved up from September 12, 1997, (the date when that sentence was imposed), to July 18, 1997, (the date when he was taken into BOP custody to begin serving his 21-month tax evasion sentence). Moving up the commencement date of the 246-month sentence by 56 days would effectively expedite Petitioner's release date by 56 days. In the alternative, the first 56 days that Petitioner spent in BOP custody on the 21-month tax evasion sentence, (i.e., July 18, 1997, to September 12, 1997), could be credited toward his subsequent 246-month mail fraud sentence. That would also shorten Petitioner's prison term by 56 days. However, the Court finds that neither of these two options is actually available here.

**(i) Moving up the commencement date**

Petitioner contends that the sentences in both of his cases were intended to run concurrently, and to make that happen his 246-month mail fraud sentence must be deemed to have commenced concurrently with the 21-month tax evasion sentence – i.e., on July 18,

1997.[7] Respondent contends that the commencement date of the 246-month sentence cannot be moved back, in some retroactive fashion, because a sentence can never be deemed to have commenced before it was imposed.

Petitioner has not cited any case law in support of his bid for a retroactively effective commencement date for his 246-month sentence. There is, however, a rather substantial body of federal case law that supports Respondent's contention that a federal prison sentence cannot be deemed to have commenced before the date when the sentence was imposed. As the Fourth Circuit Court of Appeals has succinctly explained:

> "A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, <u>it can only run concurrently with that part of the prior sentence remaining to be served</u>."

<u>United States v. McLean</u>, No. 88-5506 (4th Cir. 1989), 1989 WL 5457 (unpublished opinion) at *1 (emphasis added).

The <u>McLean</u> decision cited <u>United States v. Flores</u>, 616 F.2d 840 (5th Cir. 1980). In that case, the Court observed that two sentences imposed at different times "could not be concurrent in the sense of having the same starting date because <u>a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served</u>." <u>Id</u>. at 841 (emphasis added).

The reasoning of <u>Flores</u> was adopted by the Eleventh Circuit Court of Appeals in the more recent case of <u>Coloma v. Holder</u>, 445 F.3d 1282 (11th Cir. 2006). In that case, the Court

---

[7] The Court will assume (for now) that both sentencing judgments indicated that Petitioner's two sentences were to run concurrently, even though, as the Court has previously noted, only the sentencing judgment in the mail fraud case actually says that the two sentences are to be served concurrently. (<u>See</u> n. 4, <u>supra</u>.)

explored the meaning of the word "concurrent," as applied to federal prison sentences imposed at different times, and opined that --

> "[w]hatever else the word means with regard to the second sentence,... <u>it does not mean that the two sentences 'hav[e] the same starting date</u> because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"

<u>Id</u>. at 1284, quoting <u>Flores</u>, <u>supra</u>, (emphasis added).

In another very recent decision from the Fifth Circuit Court of Appeals, the Court explicitly declared that "[e]ven [if] it intends to do so, a district court does not have the authority under [18 U.S.C.] § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence." <u>Miramontes v. Driver</u>, No. 05-41822 (5th Cir. 2007), 2007 WL 2110933 (unpublished opinion) at * 1.

Numerous federal district courts have likewise determined that a federal prison sentence cannot be deemed to have commenced, retroactively, at any time prior to the date of imposition. <u>See</u> e.g., <u>George v. Francis</u>, No. 2:06cv3 (N.D.W.Va. 2007), 2007 WL 983824 at *6 ("[a] federal sentence commences on the day that it is announced, even when concurrent to a sentence already being served"); <u>Cooper v. Reese</u>, No. 1:04cv314 (E.D.Tex. 2006), 2006 WL 3694538 at *2 ("The earliest date a federal sentence can commence is the date on which it is imposed.... [Citations omitted.] This is true even if a sentence is to run concurrent with a previously imposed term."); <u>Ziegler v. Sanders</u>, No. 2:05CV00164 JWC (E.D.Ark. 2006), 2006 WL 2365719 at *4 ("Regardless of any overlapping custodial periods [with regard to multiple sentence imposed at different times], a federal sentence cannot commence prior to the date it is pronounced").

10

Based on the foregoing authorities, the Court concludes that Petitioner's 246-month sentence could not have begun to run any earlier than the date on which it was imposed, which was September 12, 1997. The Court fully appreciates that Petitioner's 21-month sentence and his 246-month sentence were to be served "concurrently." However, that can only mean that the second sentence was to be served concurrently <u>with the unserved remainder of the first sentence</u> (as of the date when the 246-month sentence was imposed). A federal prison sentence, even one that is to be served concurrently with another sentence, cannot have a retroactive commencement date. Because Petitioner's second sentence was not imposed, and did not commence, until September 12, 1997, his two sentences could run concurrently only from and after that date. See <u>Daniels v. United States</u>, 6:04-cr-2(HL) (M.D.Ga. 2006) 2006 WL 2860772 at *5 (following <u>Coloma</u>'s ruling, i.e., that a prisoner's "sentence on a second conviction, which was ordered to run concurrently with his sentence on a related first conviction, was not retroactive to the beginning of the first sentence").

### (ii) Double Credit

Even though Petitioner's 246-month sentence did not commence until it was imposed on September 12, 1997, Petitioner could still obtain the relief he is seeking in this case, if the first 56 days that he served on his 21-month sentence, (i.e., from July 18, 1997, to September 12, 1997), could be credited toward the later 246-month sentence. However, that alternative is precluded by 18 U.S.C. § 3585(b).

After a prison sentence has been imposed by a federal court, the BOP must determine how much credit the prisoner should receive for any time that he may have spent in custody before he began serving his present sentence. <u>United States v. Wilson</u>, 503 U.S. 329, 333-35

11

(1992). This is part of the BOP's responsibility for executing, implementing and enforcing prison sentences that are imposed by federal courts.

When determining how much credit should be given for time spent in custody before sentencing, the BOP must follow 18 U.S.C. § 3585(b), ("Credit for prior custody"), which provides as follows:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>."

(Emphasis added.)

Relying on the highlighted portion of this statute, Respondent contends that Petitioner cannot be given any credit toward his 246-month sentence for the time that he spent in custody between July 18, 1997, and September 12, 1997, because all of that time was "credited against another sentence" – namely Petitioner's 21-month tax evasion sentence. The Court agrees.

Section 3585(b), on its face, prohibits the BOP from giving a federal prisoner credit toward his federal sentence for time that has already been credited toward some other sentence. By enacting § 3585(b), "Congress made clear that a defendant could not receive

a double credit for his detention time." Wilson, 503 U.S. at 337.

As the Court of Appeals explained in United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam), "[a] defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence." Our Court of Appeals has reiterated this rule on several occasions. See United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994); Potwin v. Sanders, No. 06-2213 (8th Cir. Aug. 16, 2007), 2007 WL 2323953 (unpublished opinion) at *1; Sweet v. Sanders, 180 Fed.Appx. 601, 602 (8th Cir. 2006) (unpublished opinion); United States v. Kiefer, 20 F.3d 874, 876, n. 1 (8th Cir. 1994).[8]

In this case, the § 3585(b) rule against double crediting precludes Petitioner from receiving credit toward his 246-month prison sentence for the time he was in custody between July 18, 1997, and September 12, 1997. That time has already been credited toward Petitioner's 21-month sentence, so it cannot be credited again toward his 246-month

---

[8] In Keiffer, the Court of Appeals considered (on direct appeal) whether a federal criminal defendant could be given credit at sentencing for time spent in custody while serving a sentence for a related crime. The Court concluded that, under certain circumstances, a sentencing judge, (not the BOP), can properly consider an earlier imposed sentence. Thus, in Petitioner's case, the judge who imposed the 246-month sentence in the mail fraud case could, perhaps, have given Petitioner some sentence credit for the time he had already served on his 21-month sentence in the tax evasion case. However, this Court cannot examine whether Petitioner's 21-month sentence was properly considered by the sentencing judge at the sentencing in the mail fraud case. That issue could be raised and addressed only on direct appeal, or in a properly filed motion in the trial court, seeking post-conviction relief under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"); Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005) (same).

sentence.

Petitioner offers several arguments in support of his present bid for double sentence credit. (Petitioner's "Memorandum of Law," pp. 9-14; Traverse, p. 8.) None of those arguments, however, is valid.

First, Petitioner contends that the 56-day period at issue should be credited toward the sentence he received in the mail fraud case, because he was charged in that case before he was charged in the tax evasion case. This argument must be rejected, because Petitioner has failed to explain why the statutory rule against double crediting should apply only when the first sentence imposed pertains to the first criminal offense charged. The statute itself certainly does not indicate that double credit is permissible when the second sentence is for the first offense charged. Nor has Petitioner cited any case law suggesting that the rule against double credit applies only if a defendant is sentenced in the same order he is charged.

Petitioner next contends that he should receive double credit for the 56-day period at issue, because he allegedly was offered a plea agreement that contemplated a single unified sentence for all of the charged offenses. This argument is summarily rejected, because Petitioner has offered no evidence establishing the terms of any such plea offer or plea agreement.[9] More importantly, Petitioner has not cited any legal authority suggesting that the BOP must honor a plea offer that contemplates double credit, despite the statutory prohibition against double credit.

---

[9] The judgments entered in both of Petitioner's cases indicate that he did not enter into any plea agreement; but rather, he was "found guilty" in both cases "after a plea of not guilty." (Anderson Decl., Attachments A and B.)

14

Petitioner further argues that the judge who imposed his 21-month sentence intended that the sentence be served concurrently with any sentence that might subsequently be imposed in the mail fraud case. This argument also fails for lack of both evidentiary support and legal support. There is nothing in the present record that sheds any light on the intent of the judge who imposed the 21-month sentence. More importantly, however, Petitioner has cited no legal authority suggesting that the first sentencing judge, regardless of his intent, could have properly required the BOP to give Petitioner any credit toward his second sentence, (which, as Petitioner has aptly pointed out, had not even been imposed yet).[10]

Finally, Petitioner contends that after he was sentenced in the tax evasion case, he "could have been released on bail pending the direct appeal," if not for the fact that his bail had been revoked in the mail fraud case. (Petitioner's Memorandum of Law, p. 13.) This final argument fails, because it is based on a hypothetical scenario that did not actually exist. Simply put, Petitioner was not released on bail while his direct appeal was pending in the tax evasion case. He was, in fact, serving his 21-month tax evasion sentence between July 18, 1997, and September 12, 1997. Because that 56-day period of time has been credited toward his 21-month tax evasion sentence, it cannot credited again toward his 246-month mail fraud sentence. Such double crediting is barred by § 3585(b).[11]

---

[10] As previously noted, the second sentencing judge might have been able to give Petitioner some credit for time that he had already served on his first sentence, by imposing a shorter sentence in the mail fraud case. But again, if Petitioner believes the second sentencing judge erred by failing to do that, he should have presented that argument on direct appeal, or in a timely § 2255 motion. (See n. 8, supra.)

[11] Petitioner cites Rosemond v. Menifee, 137 F.Supp.2d 270 (S.D.N.Y. 2000), to support his final argument for double sentence credit, but that case is clearly distinguishable from this one. In Rosemond, a state prisoner was taken into federal custody on a writ of

15

## III. CONCLUSION

For the reasons discussed above, the Court finds that Petitioner's present sentence credit claim must be rejected on the merits. He cannot be given any additional credit for the time that he spent in prison between the commencement of his first sentence on July 18, 1997, and the imposition of his second sentence on September 12, 1997. He could not have begun to serve his two 1997 prison sentences concurrently until after the latter of those two sentences actually came into existence on September 12, 1997. Furthermore, the BOP could not award Petitioner credit toward his mail fraud sentence for the time he spent in prison immediately before that sentence was imposed, (i.e., the period of July 18, 1997, to September 12, 1997), because that time has been credited toward another pre-existing sentence – namely, the 21-month sentence in the tax evasion case. Section 3585(b) precludes the BOP from giving Petitioner double credit for that period of time. Because Petitioner is not entitled to the additional 56 days of sentence credit that he is seeking here, his application for a writ of habeas corpus must be denied.

---

habeas corpus ad prosequendum just two days before he was scheduled to be released from state custody. The prisoner remained in federal custody for 87 days, before he finally finished his last two days in state prison. The BOP later refused to give the prisoner credit for the 87 days that he had been in federal custody, because that period of time supposedly had been credited toward his state sentence. The federal district court rejected the BOP's reasoning, and ordered that the prisoner be given credit for his 87 days in federal custody, because the prisoner would not have spent those 87 days in custody, if not for the federal writ. The Court reasoned that "[i]f absent the federal action – here a writ of habeas corpus ad prosequendum – the petitioner would have been released under available state procedures, then credit toward his federal sentence must be given." Id. at 275. This reasoning is inapplicable here. In this case, Petitioner was incarcerated between July 18, 1997, and September 12, 1997, because of his sentence in his tax evasion case, and he received credit toward that sentence for those 56 days of confinement. Therefore, the 56-day period of time at issue here is not analogous to the 87-day period of time at issue in Rosemond.

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's amended habeas corpus petition, (Docket No. 9), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: October   5  , 2007

  s/Arthur J. Boylan  
ARTHUR J. BOYLAN  
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before  October 22 , 2007.